IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ISAAC BORDERS, | : |
| | : |
| Petitioner, | : |
| | : No. 4:18-cv-00216-CDL-MSH |
| v. | : |
| | : |
| STATE OF GEORGIA, *et al.*, | : |
| | : |
| Respondents. | : |

## ORDER

Petitioner Isaac Borders filed an application for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his December 3, 1997, conviction in the Superior Court of Muscogee County, Georgia. Pet. 1, ECF No. 1. Under the rules governing habeas corpus actions, district courts are required to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." § 2254 Rules, R. 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"); 28 U.S.C. § 2243. Federal district courts thus have a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." § 2254 Rules, R. 4 advisory committee's notes.

As a part of this obligatory screening, the Court also reviews its own records to ensure that the petition is not barred, under 28 U.S.C. § 2244, as a second or successive petition. The relevant statute, § 2244(b)(3)(A), specifically requires a petitioner to seek

and obtain authorization from the Court of Appeals to file a second or successive habeas petition in the district court. Without such authorization, the district court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 152-57 (2007); *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Petitioner was convicted in the Superior Court of Muscogee County, Georgia, in 1997. Pet. 1, ECF No. 1. He challenges that state court conviction claiming ineffective assistance of counsel, pretrial error, prosecutorial and judicial misconduct, "fatally defective indictment," and numerous other reasons. Petitioner previously filed a petition for writ of habeas corpus under § 2254 contesting the same conviction at issue in the instant petition. *See Borders v. Frazier*, 4:08-cv-00023-CDL (M.D. Ga. July 16, 2008). The Court dismissed that petition as untimely. Report and Recommendation, *Borders*, 4:08-cv-00023 (M.D. Ga. June 30, 2008), ECF No. 14. The Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability, determining that "the district court correctly dismissed his petition as time-barred." *Borders v. Frazier*, No. 08-14405-B (11th Cir. Dec. 10, 2008).

"A § 2254 petition is 'second or successive' if the petitioner filed a prior § 2254 petition attacking the same judgment that was denied or dismissed with prejudice." *Philistin v. Warden*, 701 F. App'x 908, 909 (11th Cir. 2017) (per curiam) (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 2009)). "[A] dismissal for untimeliness is with prejudice." *Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (per curiam). Consequently, the instant petition for writ of habeas corpus under § 2254 is

2

impermissibly second or successive within the meaning of § 2244(b). *See e.g. Jordan v. Sec't, Dep't of Corr.,* 485 F.3d 1351 (11th Cir. 2007) (finding that district court "properly dismissed" second-in-time habeas petition under § 2244(b) where first-in-time habeas petition was denied as untimely); *Harris v. Warden*, 688 F. App'x 738 (11th Cir. 2017) (per curiam) (finding that second habeas petition was barred by § 2244(b) where first habeas petition was dismissed as untimely); *Patterson v. Sec't, Fla. Dep't of Corr.*, 849 F.3d 1321 (11th Cir. 2017); *Morris v. Fla. Dep't of Corr.*, 519 F. App'x 990 (11th Cir. 2013) (per curiam) (finding second-in-time habeas petition barred by § 2244(b) where first-in-time petition was "denied as time-barred"); *Cook v. Warden, Macon SP*, 686 F. App'x 833 (11th Cir. 2017) (per curiam) (finding district court lacked jurisdiction to consider second-in-time habeas petition where first-in-time petition was "dismissed with prejudice as untimely").

Absent authorization, this Court lacks jurisdiction to consider the instant petition, and it is properly dismissed for lack of jurisdiction. *See Carter v. U.S.*, 405 F. App'x. 409, 410 (11th Cir. 2010) (per curiam) (vacating dismissal of motion to vacate and remanding to district court "to dismiss the motion for a lack of jurisdiction"). There is no indication that the Eleventh Circuit Court of Appeals has granted Petitioner permission to file a successive habeas petition, and a review of the federal judiciary's Public Access to Courts Electronic Records online database reveals that he has twice been denied leave to file his successive petition. *See In re: Isaac Borders*, No. 14-11343 (11th Cir. April 14, 2014); *In re: Isaac Borders*, No. 15-12288 (11th Cir. June 16, 2016).

It is therefore **ORDERED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and as second or successive.[1]

**SO ORDERED** this **28th** day of **January, 2019**.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1]Dismissal of a habeas petition as second or successive does not constitute a final order for purposes of 28 U.S.C. § 2253(c). *See Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam). Accordingly, the Court need not address whether Petitioner is entitled to a Certificate of Appealability.